IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DANIEL BANKS,

     Petitioner,

v.                                Civil Action No. 5:08CV162
                                (Criminal Action No. 5:05CR30)
UNITED STATES OF AMERICA,               (STAMP)

     Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On November 3, 2005, after a three-day trial, the pro se[1] petitioner, Daniel Banks, was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  On January 23, 2006, the petitioner was sentenced to ninety-two (92) months imprisonment to be followed by two (2) years of supervised release.

On February 2, 2006, the petitioner filed a notice of appeal. On appeal, the petitioner argued that: (1) he was "effectively deprived of the indicia of innocence" because he was not permitted to attend the jury view of the crime scene unshackled; (2) the district court erred by admitting the .45 caliber pistol into evidence as it was irrelevant and unduly prejudicial; (3) his sentence was unreasonable because the court failed to depart from

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 1999).

the guidelines based upon the petitioner's difficult childhood circumstances; and (4) his sentence was based upon the district judge's personal beliefs about his father rather than evidence adduced at the sentencing hearing.

The judgment of this Court was affirmed by the United States Court of Appeals for the Fourth Circuit in an unpublished per curiam opinion on January 11, 2007. Next, the petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on June 29, 2007.

The petitioner then filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to the petition, to which the petitioner replied.

The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen (14) days after being served with copies of the report. Neither party filed objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's

recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the parties did not file any objections, this Court reviews the report and recommendation for clear error.

III. Discussion

In his § 2255 petition, the petitioner raises three main arguments: (1) denial of due process; (2) ineffective assistance of counsel; and (3) ineffective assistance of appellate counsel. In support of his denial of due process argument, the petitioner alleges the following: (1) the prosecution intentionally withheld scientific testing, which would have conclusively proven that the petitioner did not possess the Smith & Wesson pistol; (2) the prosecution entered both firearms into evidence when the petitioner was only charged with possessing one of them; (3) the police subjected the petitioner to an overly-suggestive two-person witness identification lineup; (4) the police intentionally failed to request certain scientific tests that would have exonerated the petitioner; (5) the prosecution varied the jury instruction from its theory of the offense by submitting a "constructive possession" charge instead of an "actual possession" charge; and (6) the petitioner's sentence was wrongfully enhanced when he was given a two-level upward departure under United States Sentencing

Guidelines ("U.S.S.G.") § 3C1.1 for obstruction and an increase in base offense level.

In support of his ineffective assistance of counsel argument, the petitioner contends: (1) his counsel failed to obtain independent expert testing of the clothing, weapons, shell casings, and gunshot residue ("GSR") results to demonstrate that the petitioner did not fire a weapon or wear either jacket introduced at trial; (2) his counsel failed to interview witnesses and visit the crime scene to authenticate the witness statements and the contents of the crime scene; and (3) his counsel failed to object to and/or preserve for appeal relevant issues.

The petitioner's § 2255 motion also requested: an evidentiary hearing to address all of the above issues; an order directing the government to preserve all evidence for further testing and review; that the government be ordered to obtain independent testing of the jacket and the GSR; that the court vacate his conviction; order a new trial; appoint counsel on his behalf; and grant any other relief to which he might be entitled. (Pet'r's Mot. to Vacate 15.)

In its response to the § 2255 motion, the United States argued that the petitioner's due process claims are all procedurally defaulted, either because they were already raised on appeal and resolved, or because they could have been raised on appeal but were not. Further, the government contended that all of the petitioner's due process claims are without merit. According to the government, the petitioner's ineffective assistance of counsel

claims are defeated because: (1) the petitioner has failed to show that counsel was ineffective for not requesting additional scientific testing; (2) the petitioner's claim that counsel failed to interview witnesses and to visit the crime scene is insufficiently pled, lacks merit, and thus cannot be responded to; and (3) trial counsel cannot be found deficient for failing to object when there was no basis in the law to do so, or when an objection would be futile.

In his reply, the petitioner reiterates the claims previously made in his § 2255 motion and attempts to refute the government's position. In regards to the petitioner's due process claims, he references an exception to the rule in Teague v. Lane, 489 U.S. 288 (1989), in support of his argument that the DNA collected from a crime scene did not match his. In regards to the scientific testing issues, the petitioner further argues: (1) that law enforcement has an ethical and civil duty to verify criminality; (2) that additional DNA testing would have cleared his name and implicated others; (3) that the GSR found on his hand may have been the result of second-hand GSR from being transported in the rear of the squad car; (4) additional fiber testing would have proven that he had no connection to the jackets; and (5) that the eyewitness testimony is inherently unreliable.

Regarding the ineffective assistance of counsel claims, the petitioner argues that there is no procedural bar to these claims. According to the petitioner, his counsel did not compassionately

seek review of the Court of Appeals regarding the overly suggestive lineup. The petitioner also states that he was denied the chance to prepare a meaningful defense because the government did not disclose its theory of prosecuting the case and the evidence that it intended to introduce. Finally, the petitioner urges the court to order more testing, require a new trial, and thoroughly review the four-level enhancement to ensure that it did not have an effect on his sentencing. (Pet'r's Reply 6.)

For the above reasons, the petitioner argues that the court should grant his § 2255 petition, set aside his conviction, and order a new trial. In the alternative, the petitioner argues that the court should order the requested scientific testing of the garments. Magistrate Judge Kaull addressed each of the petitioner's arguments, and after reviewing the report and recommendation for clear error, this Court finds that the petitioner's claims should be denied.

A.    Procedurally Barred Due Process Claims

The magistrate judge correctly recognized in his report and recommendation that issues raised on direct appeal may not be raised in a collateral attack, such as a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). The petitioner previously argued that his due process rights were violated when the prosecution entered both firearms into evidence, even though the petitioner was only charged with possession of one of them. However, this Court agrees that this claim is

procedurally barred, as it was already raised on appeal and rejected by the Fourth Circuit Court of Appeals.  United States v. Banks, 213 F. App'x 155, **6-7 (4th Cir. 2007).

Additionally, this Court agrees with the magistrate judge that the petitioner's other due process claims, including: (1) that the prosecution intentionally withheld scientific evidence; (2) that the petitioner was subjected to an overly-suggestive lineup; (3) that police withheld certain scientific tests that might have exonerated the petitioner; (4) that the prosecution varied its theory of the defense in the jury instructions; and (5) that the petitioner received an impermissibly enhanced sentence are all procedurally defaulted because they could have been, but were not raised on appeal.

Because the petitioner impliedly asserts that "cause" for the procedural default exists because trial counsel was ineffective, the magistrate judge reviewed each of the petitioner's claims to determine if he was prejudiced by counsel's alleged failure to object and whether cause exists for not raising the claims on direct appeal.  This Court now reviews the magistrate judge's determinations for clear error.

1.  Failure to Request Additional Scientific Testing

The petitioner contends that the United States, through the police, intentionally failed to request: (1) DNA, GSR, and fiber testing on the jackets; (2) DNA and other (unspecified) testing on the clothes removed from the petitioner at the police station; (3)

a primer test to compare the composition of GSR on the petitioner's hands versus that found in the shell casings collected from the scene of the shooting; and (4) a fingerprint analysis of the Smith & Wesson pistol. According to the petitioner, the results of these tests would have conclusively proven that he was not the shooter or the person who had worn either of the jackets.

The magistrate judge noted that the record indicates that a fingerprint analysis was performed on the handguns but that no fingerprints were found. (Trial Tr. 334, Nov. 2, 2005.) With regards to the other unspecified scientific tests mentioned by the petitioner, the magistrate judge found that the petitioner's arguments were faulty and self-serving--the testing sought by the petitioner may just as well have corroborated the evidence implicating him rather than exonerate him. This Court agrees that the Due Process Clause is not violated when police fail to use a particular investigatory tool. Arizona v. Youngblood, 488 U.S. 51, 58-59 (1988); see also United States v. Mason, 954 F.2d 219, 222 (4th Cir. 1992) (finding that the government bears no legal duty to take fingerprints from a firearm or conduct any particular scientific test of a firearm). Additionally, the government has no obligation under Brady v. Maryland, 373 U.S. 83 (1963), to turn over evidence which does not actually exist but might be produced as a result of as-yet-unperformed testing. The petitioner's assertion that further testing would have exonerated him is purely speculative. Based on the totality of the evidence available to

the prosecution, including the scientific tests that were performed, the government had no duty to conduct any further testing.

This Court also agrees that the petitioner's claims of prosecutorial misconduct have no support in the record. Thus, no due process violation on that ground exists and the claim should be denied. Not only are these claims without merit, but they could have been raised on direct appeal. Because they were not so raised, they are now procedurally barred.

2. <u>Overly-Suggestive Two-person Witness Identification Lineup</u>

The petitioner contends that his due process rights were violated when he was subjected to a "sham" lineup. (Pet'r's Mot. to Vacate 9.) Determination of whether an initial pretrial identification procedure is improper, thus tainting the later in-court identification of a defendant by a witness whose original identification of the defendant is then suspect, is governed by the "independent origin" test. <u>United States v. Wade</u>, 388 U.S. 218, 241 (1967). Application of the test requires consideration of certain factors, for example: (1) the witness's prior opportunity to observe the alleged criminal act; (2) the existence of any discrepancy between any pre-lineup description and the defendant's actual description; (3) any identification prior to lineup of another person; (4) the identification by pictures of the defendant prior to lineup; (5) failure to identify the defendant on a prior

occasion; and (6) the lapse of time between the alleged act and the lineup identification. Id. at 241. In determining whether identification testimony is admissible, a two-step inquiry is required: (1) whether the initial identification impermissibly suggestive; and (2) even if the procedure was suggestive, the in-court identification is valid provided the identification is reliable. United States v. Johnson, 114 F.3d 435, 441 (4th Cir. 1997).

Upon reviewing the record, the magistrate judge determined that the petitioner failed to show that the identification procedures were impermissibly suggestive. The witness who identified the petitioner had an excellent opportunity to observe the petitioner prior to the incident, and he was certain that the petitioner was the man that he saw running in the alleyway after he heard gunshots. Additionally, nothing was shown to the witness prior to the live identification lineup. The magistrate judge also noted that even if the identification procedures were impermissibly suggestive, the identification was reliable. The witness's description of the perpetrator to the 911 operator and the detective who later interviewed him was detailed and consistent. Also, only a short time had passed between when the witness saw the petitioner running up the alley and when the lineup was conducted. This Court agrees that since the lineup was fair, reliable, and not overly-suggestive, the petitioner's due process rights were not

violated.  Accordingly, no prejudice exists.  The petitioner's claim is procedurally barred and should be dismissed.

3.  Variation of the Theory of the Offense

The petitioner argues that the government submitted the elements of physical possession of a firearm to obtain the indictment, but that at trial during the charging conference, it submitted the theory of constructive possession to the jury.  The petitioner asserts that this maneuver ambushed his defense and posited an additional theory that the petitioner may have had dominion or control over some unknown co-defendant in the shooting. (Pet'r's Mot. to Vacate 10.)

The petitioner was charged with being a prohibited person in possession of a firearm, but the indictment is silent as to the particular type of possession.  However, the government has no duty to specify in an indictment what its theory of possession will be. See Hamling v. United States, 418 U.S. 87, 117 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend.").  The magistrate judge found that the court appropriately instructed the jury that it was only required to find that the petitioner was knowingly in possession of a firearm.  Further, the indictment's failure to spell out the type of possession did not preclude the petitioner from a meaningful opportunity to meet the government's proof.  This Court agrees that at trial, the government proved all of the essential elements of

the crime. Additionally, both parties were given the opportunity to file proposed jury instructions defining possession, and counsel for both parties participated in the finalizing of those jury instructions. Furthermore, defense counsel declined the opportunity to object to the jury charge after the court instructed the jury before it began deliberations.

The magistrate judge noted the ambiguity of the petitioner's claim that if he were "being charged with just the offense of violating 18 U.S.C. § 922(g), then he should have been permitted to sever that count from the trial, as the introduction of the prior conviction impermissibly tainted the jury against him in the shooting." (Pet'r's Reply to Gov't's Resp. 5.) The petitioner was only charged with one count, so there was no other count to sever. In regards to his prior conviction, the petitioner himself stipulated to this fact before trial. Finally, by taking the stand in his own defense, the petitioner opened the door to cross-examination about the details of his prior convictions. Accordingly, this Court finds that there is no prejudice, that this claim lacks merit, and that it should be denied as procedurally barred.

4.  <u>Impermissibly Enhanced Sentence</u>

The petitioner claims that the court impermissibly enhanced his sentence with a two-level upward departure for obstruction under U.S.S.G. § 3C1.1 when the court decided that his trial testimony denying the offense was perjury. In support of this

argument, the petitioner contends that the court failed to specifically identify excerpts from the record proving perjury. Although the petitioner describes this claim as a due process violation, in truth, this is a claim that the court erred in applying the sentencing guidelines. In general, claims of error regarding application of sentencing guidelines cannot be raised in a habeas corpus petition. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Additionally, claims that a district court misapplied the sentencing guidelines are generally not cognizable in a § 2255 proceeding because such claims typically do not involve a miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979). In this case, the petitioner's § 2255 claims regarding this issue were available to him at the time of sentencing and thus could have been the subject of a timely direct appeal.

Even if the petitioner's presentation of this issue was timely, the claim still fails. The two-level sentencing enhancement for obstruction that the petitioner received was entirely consistent with the mandate of U.S.S.G. § 3C1.1, which provides for an increase of two levels when the defendant willfully obstructs or impedes the administration of justice. At sentencing, defense counsel objected to the enhancement and the court overruled the objection, stating that the petitioner had testified falsely and thus was deserving of the two-level enhancement. See United

States v. Dunnigan, 507 U.S. 87, 96 (1993) ("[A] defendant's right to testify does not include a right to commit perjury.").

Contrary to the petitioner's assertions, the district court was not required to specifically identify excerpts from the record to demonstrate each instance of perjury. See United States v. Dunnigan, 507 U.S. 87, 95 (1993) ("[It] is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury."). Here, consistent with Dunnigan, the sentencing court made a specific finding that the petitioner willfully testified falsely to a material fact in an attempt to obstruct justice. Therefore, this Court concludes that the claim lacks merit and should be denied.

The petitioner's claim that his sentence was impermissibly enhanced when he received a increase in base offense level is also without merit.[2] There was a repeated typographical error made by the probation officer in the petitioner's presentence investigation report ("PSR"), which the sentencing court inadvertently repeated, regarding which guideline subsection a potential wanton endangerment enhancement fell under. Even though the wrong subsection regarding enhancement for wanton endangerment was mentioned (§ 2K2.1(b)(5)), the actual U.S.S.G. subsection

---

[2]The petitioner argues that he received a two-level increase in base offense level pursuant to § 2K2.1(b)(5) in violation of Booker and Crawford. However, the petitioner actually received a four-level enhancement at sentencing pursuant to § 2K2.1(b)(6).

enhancement issue that was objected to by counsel and litigated at the sentencing hearing was § 2K2.1(b)(6). Although the court referenced the wrong subsection, the petitioner was not prejudiced by this error. Both parties vigorously argued the application of § 2K2.1(b)(6), and the court overruled defense counsel's objection to the four-level enhancement. For these reasons, this Court finds that the claim lacks merit and should be denied.

Although the petitioner argues that his enhancement violates United States v. Booker, 543 U.S. 220 (2005), and/or Crawford v. Washington, 541 U.S. 36 (2004), the magistrate judge construed the petitioner's attack on the reasonableness of his sentence as a claim that his sentence failed to comply with 18 U.S.C. § 3553. While 18 U.S.C. § 3553(a) requires a court to give respectful consideration to the U.S.S.G., Booker "permits the court to tailor the sentence in light of other statutory concerns as well." Booker, 543 U.S. at 245. A petitioner may rebut the presumption of reasonableness only by demonstrating that his sentence is unreasonable "when measured against the factors set forth in § 3553(a)." United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005).

In this case, even with the two-level enhancement for obstruction and the four-level increase in base offense level for possession of a firearm in connection with another felony offense, the petitioner's sentence was still within the properly calculated Guidelines range of 92-115 months; therefore, it is presumed

reasonable.  United States v. Johnson, 445 F.3d 339, 343-45 (4th Cir. 2006).  The court considered the mitigating factors listed in § 3553(a) and was well aware of the petitioner's difficult childhood, strained financial circumstances, lack of role models, and his prior criminal offenses.  In fact, the court specifically commented on numerous details of the petitioner's early difficulties.  The court was also aware that the Guidelines findings were, pursuant to Booker, advisory and no longer mandatory, and that it was required to consider the factors set forth in 18 U.S.C. § 3553(a) in sentencing the petitioner.  Because the enhancements were appropriate and because the petitioner's sentence is well within the statutory maximum, this Court agrees with the magistrate judge and finds that the petitioner has failed to rebut the presumption that his sentence is reasonable and cannot show prejudice.  Thus, the petitioner is procedurally barred from raising this claim.

B.    Ineffective Assistance of Counsel Claims

In his § 2255 petition, the petitioner claims that he was the victim of ineffective counsel at critical stages throughout the prosecution.  The petitioner alleges that trial counsel failed to adequately prepare a defense to the government's case by: (1) failing to obtain independent experts to conduct scientific testing; (2) failing to interview witnesses and visit the crime scene; and (3) failing to preserve issues for appeal.

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. <u>Id.</u> at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

1.  <u>Failure to Obtain Independent Expert Testing</u>

The petitioner argues that had counsel requested expert DNA testing on the jackets found wrapped around the guns, as well as a comparison testing of the GSR on his hands with that in the shell casings found at the scene of the shooting, then there would have been scientific evidence proving his innocence. According to the petitioner, counsel's failure to obtain this expert testing constitutes an inadequate defense. This argument, however, fails. Given the overwhelming eyewitness testimony implicating the petitioner, the magistrate judge concluded that defense counsel's decision to forego additional testing may have been a reasonable strategic decision. Further, counsel for the petitioner did retain a forensic firearms expert who challenged the conclusions of the government's forensic firearms expert regarding the testing of the gunshot residue found on the petitioner's hands. Counsel, through vigorous cross-examination of the government's witness and direct

examination of the defense witnesses, attempted to persuade the jury that the shooter was someone other than the petitioner. However, the petitioner's version of the events that he described when he took the stand did not coincide with the description of the facts provided by other witnesses. This Court agrees that because the jury was apparently unpersuaded by the petitioner's version of the events does not prove that his counsel was ineffective. Thus, this claim lacks merit and should be denied.

2.  Failure to Interview Witnesses and Visit Crime Scene

The petitioner alleges that defense counsel failed to interview witnesses and visit the crime scene; however, the petitioner fails to offer further details on what presumably exculpatory evidence counsel could have extracted from these interviews. Trial counsel did, in fact, visit the crime scene--he attended the jury view of the scene of the offense along with the petitioner on the second day of trial. Further, defense counsel effectively cross-examined each witness for the prosecution regarding the layout of the area where the offense occurred. The magistrate judge found that defense counsel's questions revealed his familiarity with the area and his preparedness to conduct a vigorous defense on behalf of the petitioner. This Court agrees that the petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness, thus he has failed in his burden of proof under Strickland.

### 3. Failure to Object to and Preserve Issues for Appeal

According to the petitioner, the prosecution intentionally withheld scientific tests which would have conclusively demonstrated that the petitioner did not possess the Smith & Wesson pistol. Specifically, the petitioner argued that the prosecution should have conducted: (1) DNA testing on the jackets wrapped around the discarded guns; (2) fiber tests on the jackets; (3) GSR testing on the jackets; and (4) comparison testing of the GSR found on the petitioner's hands with that found in the shell casings. The petitioner also alleges that counsel was ineffective for failing to object to and preserve for appeal the fact that the prosecution refused to request these tests and the fact that the prosecution concealed the results of these tests.

The petitioner's presumption that counsel's performance was ineffective because he failed to object to alleged prosecutorial misconduct is unfounded. The prosecutor has no duty or obligation to conduct whatever additional scientific testing a defendant wishes to have performed. In fact, the Due Process Clause is not violated when police fail to use a particular investigatory tool. See Arizona v. Youngblood, 488 U.S. 51, 58-59 (1988). The petitioner presented no evidence in support of his allegation that the prosecution intentionally withheld testing results. Since no prosecutorial conduct occurred, there was no due process violation; therefore, counsel's performance cannot be found deficient for

failing to object. This Court finds that the petitioner has failed to meet his burden under Strickland.

The petitioner also argues that trial counsel was ineffective for permitting the .45 caliber gun to be entered into evidence without objection. However, the record clearly shows that counsel did, in fact, object to the admission of this weapon on the grounds that it is irrelevant and inadmissible under Federal Rule of Evidence 403. (Trial Tr. 152-153, Nov. 1, 2005.) The court ultimately overruled defense counsel's objection and admitted the .45 caliber gun into evidence with an instruction to the jury making it clear that this was not the gun the petitioner was charged with possessing in the indictment. Even after the court admitted the gun, counsel for the defense continued to voice his objection. Further, since this claim was raised on appeal and was duly rejected by the Fourth Circuit, counsel cannot be accused of being ineffective for not raising this argument. This Court agrees that this claim lacks merit and should be dismissed.

The petitioner also alleges that his counsel was ineffective to failing to object to and preserve as an issue for appeal the due process violation that occurred when the police subjected him to an overly-suggestive two-person witness identification lineup. These claims, however, are unsupported by the record. The magistrate judge found that the actual lineup that was conducted included three people. Before trial, counsel for the petitioner filed a motion to exclude identification evidence, objecting to the witness

identification lineup.  The issue was litigated at a pretrial motion suppression hearing and the lineup was determined to be fair and not overly-suggestive pursuant to the tests set forth in <u>United States v. Wade</u>, 388 U.S. 218 (1967), and <u>United States v. Johnson</u>, 114 F.3d 435, 441 (4th Cir. 1997).  The motion to exclude was discussed again, one day before trial, at the pretrial conference by the district judge, who ruled against the petitioner.  Since the witness identification lineup was determined to be fair and not overly-suggestive on two separate occasions, no due process violation occurred.  The court's ruling against the petitioner on this matter does not prove that counsel was ineffective.

Next, the petitioner argues that counsel was ineffective for failing to object to and preserve as an issue for appeal the due process violation that occurred when the prosecution varied the jury instruction from its theory of the offense by submitting a <u>constructive</u> possession charge instead of an <u>actual</u> possession charge.  The petitioner contends that this change prevented his counsel from being able to mount an adequate defense on his behalf. However, the indictment merely charges the petitioner with "knowingly possess[ing]" a firearm after previously having been convicted of a felony.  This Court agrees that the jury charge was commensurate with possession in both its forms implicated by the facts of the case: (1) actual possession of the gun because the petitioner was identified as the shooter; and (2) constructive possession of the gun because the petitioner abandoned the weapon

behind the school gymnasium. Counsel's performance on this issue was not deficient; therefore, there was no prejudice.

The petitioner claims that counsel's performance was ineffective for failing to object to and preserve as issues for appeal the due process violation that occurred when the petitioner was given an enhanced sentence. Although the petitioner claims that counsel failed to object to the two sentencing enhancements, this contention is unsupported by the record, which shows that the petitioner's counsel did, in fact, object to both the two-level enhancement for obstructing justice and the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense, wanton endangerment. (Sentencing Tr. 5; 6-13, Jan. 23, 2006.) Despite defense counsel's vigorous arguments, the court overruled the objection, holding that witness testimony provided support for the four-level enhancement. In fact, the imposed sentence enhancements were a direct result of the petitioner's decision to go to trial and deny his involvement in the offense. The record reveals that the petitioner's testimony was clearly at odds with the overwhelming direct and circumstantial evidence presented by other witnesses. The fact that the jury found the petitioner guilty does not establish that his counsel was ineffective.

Finally, the petitioner raises a "catch-all" ineffective assistance of counsel claim, alleging that counsel was ineffective for failing to object to or preserve for appeal unspecified

"intrinsic/implicit issues" for appellate review.  The petitioner
failed to provide the court with any specific examples of counsel's
failures in this regard; therefore, his claims are insufficiently
pled under Rule 8 of the Federal Rules of Civil Procedure.  These
vague claims fail to establish that the petitioner is entitled to
relief.

C.    Ineffective Assistance of Appellate Counsel Claims

The petitioner's § 2255 motion also implicitly claims that
appellate counsel was ineffective for not raising as issues for
appeal all of the due process violations described above.  The
standard of effective assistance of appellate counsel is the same
as for trial counsel.  See Bell v. Jarvis, 236 F.3d 149, 164 (4th
Cir. 2000) ("In order to establish a claim that appellate counsel
was ineffective for failing to pursue a claim on direct appeal, the
applicant must normally demonstrate (1) that his counsel's
performance fell below an objective standard of reasonableness in
light of the prevailing norms, and (2) that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different.") (internal
quotations omitted).  On review, appellate counsel is accorded the
"presumption that he decided which issues were most likely to
afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568
(4th Cir. 1993).

The petitioner's claim that his appellate counsel was
ineffective for not raising the issue of the prosecution's entering

of both firearms into evidence lacks merit.  Not only did trial counsel object to this issue at trial, but appellate counsel raised the issue on appeal where it was rejected by the Fourth Circuit. This Court agrees that to the extend that petitioner is attempting to again argue the same issue, it is procedurally defaulted.

The petitioner's overly-suggestive two-person witness identification lineup argument for ineffective assistance of appellate counsel also fails.  Here, the appellate counsel examined the record with a view to selecting the most promising issues for review.  See Jones v. Barnes, 463 U.S. 745, 752 (1983).  Since this issue had already been litigated and rejected, it is not surprising that appellate counsel did not choose it as an issue for appeal. Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome.  Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

In regards to the petitioner's argument that appellate counsel failed to argue that the police intentionally withheld scientific testimony, this Court agrees that the prosecution, including law enforcement, has no duty to perform any particular testing; therefore, no prosecutorial misconduct occurred and the petitioner's due process rights were not violated.

Likewise, the petitioner's contention that appellate counsel was ineffective for failing to appeal his due process violations that occurred as a result of the prosecution's change to the jury instructions also fails.  It is appellate counsel's job to winnow

out weaker arguments in favor of stronger arguments, and as this argument is completely lacking in merit, counsel's decision not to choose it as an issue for appeal was appropriate.  See Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989).  Because the petitioner has failed to overcome the presumption of effective assistance of appellate counsel, these claims must be denied.

## IV.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.  Additionally, the following motions should be DENIED AS MOOT: (1) petitioner's March 6, 2008 pro se motion to appoint expert witnesses; (2) petitioner's March 6, 2008 pro se motion for protective order; (3) petitioner's August 10, 2009 pro se letter motion to attend funeral; (4) petitioner's November 13, 2009 pro se motion to preserve all exhibits and evidence; and (5) petitioner's requests for: an evidentiary hearing, an order directing the government to preserve all evidence for further testing, an order directing the government to secure independent testing of the evidence, his conviction to be vacated and a new trial ordered, and for counsel to be appointed on his behalf.  It

is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:   September 29, 2010


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE